UNITED STATES DITRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARAVI MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No: |
| vs. | ) |
| | ) |
| DEPARTMENT OF FAMILY AND | ) |
| PROTECTIVE SERVICES, | ) |
| HANK WHITMAN | ) |
| GREGG ABOTT | ) |
| KYLE JANEK, | |
| KATIE FLYNN , | |
| MICHAEL COOPER | |
| LISA MCCARTY | |
| AMY HOOD | |
| PRENTISS HOOD | |
| | ) |
| Defendants. | ) |

## **PLAINTIFF MARAVI MOORE COMPLAINT**

**NOW COMES** Plaintiff Maravi Moore by and through its undersigned counsel and files this Complaint.

## **INTRODUCTION**

1. The entire foster cares system is administered by the Department of Family and Protective Services. (DFPS) Within DFPS , Child Protective Services investigates reports of child abuse and neglect. When  DFPS  alleges that a child has been maltreated  DFPS removes the child from the home and places the child in conservatorship.  The State has the legal responsibility for each child in its conservatorship but relies on private child placing agencies that contract with the State to provide foster care often placing the children in foster family homes.

2. When children cannot remain safely with their parents, placement with relatives is preferred over placement in foster care with nonrelatives (Child Welfare Information Gateway (2016) Kinship caregivers and the child welfare system. Washington D.C. U.S. Department of Health and Human Services, Children's Bureau) .  Kinship care placements with relatives is a type of placement authorized under the federal Fostering Connections to Success and Increasing Adoptions of 2008 (P.L. 110-351) was signed into law on October 7, 2008. "Fostering Connections," as the bill is commonly known, amended Title IV of the Social Security Act to connect and support relative caregivers, improve outcomes for children in foster care, provide for tribal foster care and adoption access, and improve incentives for adoption.

3. This case involves a Kinship placement which the  Plaintiff  was deprived of her rights under the Act to family  preservation  by placement as the relative caregiver for her nephews . The preservation of family which provides better outcomes for children  is at the root of kinship placement  as described in Cause Number 2:11-CV-84, <u>Schulenburg et. al. v. Greg Abbott</u> (2015)  Opinion of  Judge Janis Graham Jack:

"Texas also uses kinship placements, in which a child is placed with a relative or someone with a longstanding and significant relationship with the child or the child's family.

4. Texas  policies and practices result in structural deficiencies that put ALH at risk and have deprived Maravi Moore  who is the maternal Aunt of  EH and AH of her rights as a qualified kinship relative and separated the brothers  EH and AH of their familial relationship. Fails to monitor and enforce compliance with the licensing standards for its foster care

placements. These structural deficiency led to the grim consequence that the child was separated from his sibling and home community and family connection was severed.

5. The state's resources were used to separate the brothers. These wrongful actions were done under the Color of State law  ALH is black, as well as the Plaintiff, Maravi Moore.  The foster family, Prentiss and Amy Hood are  white and racial animus in violation of the Thirteenth, Fourteenth  Amendments to the Constitution form the basis for the of the acts complained  of  in this case which were also done under the color of State Law in violation of 42 U.S.C. 1983.

## JURISDICTION AND VENUE

6. Because this action is brought pursuant to 42 U.S.C. § 1983, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

7. Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391(b), because a substantial portion of the events or omissions giving rise to the claims occurred in this district, in that:

.

## PARTIES

8. MARAVI MOORE  is the paternal Aunt of  siblings AH and EH who are children born in Houston , in Harris County Texas.  Plaintiff  Maravi Moore  is the sister of the father of the children. Plaintiff Moore  sought to be named  Permanent Managing Conservatorship of  AH. Plaintiff Moore is the  Permanent Managing conservator of  EH .

### B. Defendants

9. Defendant  GREG ABBOTT  is the Governor of Texas, and is sued in his official capacity. He is responsible for ensuring that all Texas agencies comply with applicable federal and state law, and he oversees and directs the activities of the Texas Health and Human Services Commission and the Department of Family and Protective Services, pursuant to the Texas Constitution Article IV Sections 1 and 10, and to the Texas Government Code Title 4, Chapter 531. His business address is Office of the Governor, State Insurance Building, 1100 San Jacinto Boulevard, Austin, Texas 78701.

10. Defendant KYLE JANEK is the Executive Commissioner of the Texas Health and Human Services Commission, and is sued in his official capacity. Pursuant to Texas Government Code Section 531.0055 *et seq*., the Executive Commissioner has broad policy and rule-making authority for the commission and its constituent agencies, including DFPS. Executive Commissioner Janek reports to the Governor, Rick Perry, and serves at his pleasure. Defendant Janek's business address is Texas Health and Human Services Commission, Brown-Heatly Building, 4900 North Lamar Boulevard, 7th Floor, Austin, Texas 78751.

11. Defendant HANK WHITMAN. is the Commissioner of Department of Family and Protective Services, and is sued in his official capacity. Pursuant to the Texas Government Code Title 4, Chapter 531, he is responsible for administering properly and efficiently all DFPS child welfare services and programs; providing for the care of the children served by the department; directing the placement of children in appropriate state programs and/or facilities; and assuring that all contracted and other programs and facilities providing child welfare services operate in conformity with constitutional, statutory, and regulatory requirements. Pursuant to Texas Government Code Section 531.0056(a), the Commissioner is appointed by the Executive Commissioner of the Texas Health and Human Services Commission, with the approval of the Governor, and serves at the pleasure of the Executive Commissioner. His business address is Texas Department of Family and Protective Services, 701 West 51st Street, Austin, Texas 78751.

12. Defendant Katie Flynn is a contract attorney for Harris County, Texas , in her individual and official capacity as Ad Litem for the Child AH. Her business address is 405 Main Street, Suite 620, Houston, Texas 77002

13. Defendant Mark Cooper is a contract attorney for Harris County, Texas , in his individual and official capacity as Ad Litem for the child AH. Her business address is 300 Fannin Street, Suite 220, Houston, Texas 77002

14. Defendant Lisa McCarty is a contract worker for Harris County, Texas in her individual and official capacity

15. Defendant's Amy Hood is the foster care placement agency for AH in her official , and individual capacity . Her address is unknown

16. Defendant's Prentiss Hood is the foster care placement agency for AH in his official , and individual capacity . His address is unknown

## COUNT I: SUBSTANTIVE DUE PROCESS UNDER THE U.S. CONSTITUTION

17. State officials assume affirmative duties under the Fourteenth Amendment to the United States Constitution to protect from harm all children taken into foster care custody, and to provide them appropriate care, treatment, and services through the exercise of accepted professional judgment.

18 . Defendants, in their official capacities, have failed and continue to fail to discharge their affirmative duties because their actions and inactions constitute state policies or practices that substantially depart from accepted professional judgment, practice, and standards as to demonstrate that Defendants did not base their conduct on such a judgment and/or shock the conscience by constituting deliberate indifference to the constitutionally protected rights and liberty and privacy interests of Plaintiff to have fair access to AH and EH, children who were in the the State's PMC. More specifically, Plaintiffs complain of the following actions and inactions of Defendants that have produced structural deficiencies in the State's foster care system that harm the Plaintiff by placing restraints on her ability to exercise and protect her liberty interest in family preservation, and the child AH is adversely affected while in the custody of the state in its role as PMC of the child.

19. Defendant DFPS actions were deliberately indifferent toward the placing of the child AH with the Plaintiff, his blood kinship relative and DFPS actions resulted in placing the child at a substantial risk of serious harm every day he is separated from his strong biological family and influence and depriving the plaintiff' the benefits of her biological bloodline and family preservation. DFPS was aware of facts from which an inference could be drawn that their failure to effectively manage caseloads and adequately advocate for AH and Plaintiff Moore.

20. On July 17, 2014 the DFPS Case worker sent a fraudulent email identifying the Child ALH as being available for non-relative adoption On February 18, 2016, DFPS , Defendant Katie Flynn and Defendant Mark Cooper, and Lisa McCarty acting under the color of State law acted along with Harris County Court Judge Glenn Devlin to deprive Plaintiff of her kinship and biological bond

**Structural Deficiencies that Harm**

21. Texas maintains a system which fails to give due process to relatives and is in thus in violation of the federal Fostering Connections to Success and Increasing Adoptions of 2008 (P.L. 110-351.) Texas policy expressly provides that relatives be identified and located and that children be placed with relatives when appropriate. It is preferable that all children be placed in the least restrictive placement appropriate to the needs of a child and that a child is placed in the child's home community with the child's sibling group intact. However, for a long period of time, and with knowledge of widespread structural deficiencies, Defendants DFPS have failed to place children with relatives without just cause and without concerns for the beneficial preference of placing the child with a relative. In a September 2010 report to the legislature, defendant DFPS acknowledged that "[f]inding appropriate placements for children who come into foster care remains difficult because the needs of the children do not always match the number, type, and location of the placement options available."

22. More recently, Defendant DFPS, in explaining why its foster care system needed to be redesigned, pointed to some of the structural deficiencies in its placement array, resulting in among other, separation from siblings and family, lack of educational continuity, and a fractured support system.

23. In the Texas system, Children are separated from, or are at an unreasonable risk of being separated from, their siblings. Federal and state policy, as well as accepted professional standards, dictate that children be placed with their siblings while in foster care unless there is a therapeutic or safety-related reason to separate them. However, due to the violations and racial discrimination, and based on racial animus siblings in Texas foster care are too often separated for no therapeutic or safety-related reason. As of March 31, 2011, almost two-thirds of the children in the State's PMC were part of sibling groups. Yet only 53.6 percent of these sibling groups were intact—that is, all of the children in the sibling group were placed together. In 26 percent of the sibling groups, *none* of the siblings were placed together. [1] 24. There is a pattern and practice that black children in the DFPS Texas Foster care system are subjected to an unreasonable risk of harm, being placed inappropriately, making it difficult for family member to gain placement thru pretextual acts and erecting barriers and restraints.   Then-Commissioner Heiligenstein similarly acknowledged in a February 2011 presentation to the Texas House Human Services Committee that sibling separation negatively impacts children's well-being and permanency outcomes.

25. DFPS was deficient and failed to adhere to professional standards by not ascertaining, uncover and investigating the Defendant Hood's true motive of adoption of AH prior to placing him in this temporary setting, thus depriving Plaintiff of her constitutional liberty interest, due process of law and in violation of the federal act protecting kinship relative placement, Texas is deficient in its oversight and monitoring of foster care placements and fails to enforce compliance with its licensing standards. Texas fails to adequately monitor and oversee the child placing agencies and residential child care facilities that it licenses to take care of the children in foster care because it does not allocate sufficient resources to such oversight and

---

[1] Case 2:11-cv-00084 In the US District Court Corpus Christi

26. A.H. was placed in an unsuitable environment with the Defendant Hoods there was a suitable, identified relative placement available for his long term placement.  Instead AH was continuously subjected to harm and further risk of harm as of August 2014  to the present where ultimately AH was forced to be placed with non-relative foster who had criminal backgrounds and whose plans to adopt thwarted AH family placement subjecting AH to long-term substantial risk of harm.  DFPS Defendants' own data shows that, for the period of October 25, 2010 to October 25, 2011, children in foster care in the State's PMC were abused at an unacceptable rate. Defendants' DFPS deficient oversight of its agencies includes Defendants' failure to enforce their own licensing standards and policies designed to ensure the safety and well-being of A.H. in their custody.

27. The Defendant's DFPS as sole managing conservator failed to remove or protect the child from danger.  DFPS fraudulently mislead the Plaintiff, Ms. Moore  that it was their intent to place the child with the Plaintiff .  The DFPS mislead the Plaintiff , and plaintiff's reliance upon DFPS and DFPS actions caused the Plaintiff  to be deprived of the child, ALH  and to suffer harm, damages, economic loss,  and emotional distress, and the destruction  of the parent child-relationship that he and the Appellant MM share in the biological blood line.

28. Plaintiff alleges that Defendant DFPS violated  the  liberty interest and due process interest  to ALH beginning from the time ALH was removed in January 2014 up to and including the trial of 2016.   DFPS targeted the child and deprived the Plaintiff  by sending an email and wrongfully identifying ALH for adoption  resulted in ALH's being placed in the Defendant's home. This  was an act of collusion with the Defendant Hood' and  fails to grant  due process, and protects the  liberty interest of kinship placement.   After DFPS sent the email on July 17, 2014  misidentifying the infant as available for adopting , the child ALH  has been  wrongfully detained and withheld by the Defendant's foster parents from  May 2014 to June  2016 amounting to a permanent loss of the child's liberty and captivity.

29. The defendant DFPS' counsel violated the Plaintiff's due process rights, was biased and acted in a deliberately indifferent manner in failing to advocate for the Plaintiff beginning in 2014 up until the present. The failure of DFPS to enforce the contract with the Defendants, Hood allowed the Defendants'  to violate the contract with the defendant DFPS and  breach the contract allowing the  Defendant's  premeditated , willful, wanton  purpose  of  wrongfully

claiming the child as their own thru taking defendant DFPS failed to monitor and exercise control of the child which they alone had sole managing conservatorship.
The defendant DFPS aided the Defendant Hood's in the defamatory attack against the Plaintiff, the kinship placement for the child ALH.

30. The Defendant's DFPS failed to monitor and provide oversight into the placement by failing to protect the Plaintiff against the harm by the Defendant Hoods' who harassed and defamed and invaded Plaintiff's privacy during her interactions with the child ALH and the State used other means including sending out investigators, and lawyers such as Defendant Katie Flynn who defamed Plaintiff , harassed her,  invade Plaintiff's privacy and colluded to deprive her of her kinship placement and constitutional rights as well as acting in a racially biased manner against Plaintiff.

31. The Defendant DFPS was deliberately indifferent even when aware of the factors existing with the Defendant Hood's in making a determination of suitable and appropriate temporary placement for the child ALH with them, that placing the child with the Defendant Hood's created a substantial risk of harm to the child's placement with the kinship placement with the Plaintiff.  The liberty interest of the child, ALH and Plaintiff Moore were violated by Defendant DFPS failure to ascertain and monitor the Hood's predetermined intention to adopt ALH, prior to placing ALH with the Defendant Hoods, the first trial and as far back as May 2014 .

32. By the actions and inactions of Defendants listed above,  AH has been harmed and is at a continuing risk of harm, including abuse and neglect.

33. Defendants' actions and inactions listed above are a substantial factor leading to and proximate cause of the violation of the constitutionally protected liberty and privacy interests of the Plaintiff , Maravi Moore and the children AH and EH  .

34. By the actions and inactions of Defendants listed above in AH has suffered including the right to be reasonably safe from harm while in government custody and the right to receive the most appropriate care, treatment, and services determined and provided through the exercise of accepted professional judgment

## COUNT II:
## FIRST, NINTH, THIRTEENTH, FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION

35. Each of the foregoing allegations is incorporated as if fully set forth herein.

36. A right of family integrity and a right to a permanent family derive from the First Amendment's right of association, the Ninth Amendment's reservation of rights to the people, and the Fourteenth Amendment's substantive due process protections.

37. The foregoing and following actions and inactions of Defendants Gregg Abbott, Hank Whitman, Katie Flynn, Mark Cooper, Lisa McCarty in their official capacities, constitute a policy or practice that is such a substantial departure from accepted professional judgment, practice, and standards as to demonstrate that Defendants did not base their conduct on such a judgment and/or shock the conscience by constituting deliberate indifference to the constitutionally protected rights of all Plaintiff , Maravi Moore and AH .

38. Sibling groups are separated. The State's action in failing to place the AH in a suitable placements caused the siblings to be separated, contrary to federal and state law, Texas's own policy, and accepted professional standards. As of March 31, 2011, almost two-thirds of the children in the State's PMC were part of sibling groups. Yet only 53.6 percent of these sibling groups were intact, that is, all of the children were placed together. In 26 percent of the sibling groups, *none* of the siblings were placed together. [2]

39. Sibling separation can "hinder and delay a child's path to permanency," according to a December 2010 report to the Texas legislature by the Adoption Review Committee. Then-Commissioner Heiligenstein[3] reported to the legislature in February 2011 that sibling separation harms children's well-being and permanency outcomes.

40. As a result of Defendants' conduct, the Plaintiff and Children have been and are at further risk of being harmed and deprived of the liberty interests, privacy interests, and associational rights not to be deprived of a family relationship where safe and appropriate, as conferred on them by the First, Ninth, and Fourteenth Amendments to the United States Constitution.

---

[2] Case 2-1-cv-00084 In the US district Court of Corpus Christi
[3] Case 2:11-cv-00084 Federal District Corpus Christie

**Violation of Federally Protected Rights under 42 U.S.C. Section 1983, as Against Defendant DFPS, Katie Flynn, Mark Cooper, Lisa McCarty**

41. The Defendant DFPS, was fully aware that the Plaintiff was qualified to have kinship placement and sought kinship placement of her two nephews but they instead but refused to place the children with her and wrongfully placed them in a foster care placement and refused to move them. Defendant DFPS, agents and employees made false, and misleading statements and actions which mislead the Plaintiff as to DFPS true intent. DFPS acts such as failing to appeal the judge's denial of AH failure to be placed with Plaintiff, and denial of this placement, wrongfully sending an email identifying the child as available for adoption, failing to Motion to strike the Intervention, failing to remove child from the Hoods.

42. The State thru the Defendant DFPS acted in conformity with and in acquiescence to the formal and informal customs and policies of the DFPS to deny the family placement of Plaintiff and other Blacks relative placements and families of Texas which are the result of racial discrimination, false accusations, manufactured and wrongful accusations and failure to place infants and older children with family members while instead adopting them out. Further acting in conformity with and in acquiescence to the formal and informal custom and policies of the State of Texas, DFPS and the courts, the Defendant DFPS expended excessive State funds and made false and misleading statements they knew to be false which was done maliciously for the purpose of defaming the Plaintiff and violating the Fostering Connections to Success and Increasing Adoptions Act of 2008 and without due process placing the child with non relatives.
The placement of the child with non relative and non black families by the Defendant DFPS is part of a pattern of conduct which the Defendant DFPS acted in conformity with and in acquiescence to the informal and formal custom or policy. This policy and informal and formal custom includes DFPS failure to monitor appropriate placements, advocate for children, failure to act upon prior complaints of similar unconstitutional conduct which caused the constitutional injury issue.

43. Further DFPS wrongful conduct in failing to assist the kinship placement and achieve the goal where this kinship case, involves members of a black family from which ALH has biological connection on July 17, 2014 and after is a racially discriminatory, arbitrary and

capricious violation of its law and DFPS further acting in conformity with and in acquiescence to the formal and informal customs and policies of DFPS where such practices are complained about often but the Defendant DFPS fails to correct the activity resulting in the breakup of families, exorbitant legal fees, unfair bias against black families. This practice is further done with racial animus in violation of the Thirteenth and Fourteenth Amendment.  It is in AH best interest that he is placed permanently with his biological Aunt the Plaintiff Moore. The state's resources were used to separate the brothers. The foster family is white and many of the facts of this case reflect prejudice for many of the factors that exist in many Black families

44. These policies, practices formal and informal customs are disproportionately applied to Black Citizens whose children or family members are taken into the custody of DFPS at a disproportionate rate.  The  Constitutional
duty of protection to the family , family preservation and right to protection of the family  are recognized as rights under the constitution have constitution.  DFPS has been previously sued for violations of the Fourth, Fifth, Fourteenth and Thirteenth Amendments.

45. Plaintiff further state that the actions of defendant DFPS, namely it's
acquiescence to the informal customs and policies of the Defendant  DFPS and its deliberate indifference , condoning the actions of its caseworkers, lawyers, supervisors, agencies , judicial misconduct  to failure to administer kinship placement to achieve family and relative placements racial discrimination, defamation abuse of process  and it failure to implement a policy, to adequately train, screen, and/or supervise its caseworkers , lawyers, supervisors, judicial misconduct in this incident, deprived Plaintiff of her constitutional right to
due process , liberty interest, abuse of process, as guaranteed under 42 U.S.C. 1983 and the Fourth, an Eighth and Thirteenth, Fourteenth Amendments to the United States Constitution.

46. The foregoing acts, omissions, and systemic failures constituted formal and informal policies, practices, and customs that combined to deprive Plaintiff of rights secured by the Constitution and laws of the United States.

47. As a direct and proximate result of the aforesaid acts, formal and informal policies, practices, customs , omissions and systemic failures, Plaintiff was separated from her biological relation and her bloodline to the child was wrongfully terminated, she suffered economic loss, emotional pain , mental anguish , reputational harm .

48. The foregoing acts, omissions, and systemic failures constituted formal and informal policies, practices, and customs that combined to deprive Plaintiff of rights secured by the Constitution and laws of the United States and exhibit deliberate indifference to the constitutional rights of persons such as Plaintiff, and this deliberate interference caused the violation of Plaintiff's rights.

### Violation of Federally Protected Rights under 42 U.S.C. Section 1983, As Against Katy Flynn and Mark Cooper, Lisa McCarty

49. All of the factual allegations appearing in each of the preceding paragraphs are incorporated by reference into each of the following claims for relief as if fully set forth in each such claim

50. As a direct and proximate result of the defamation, harassment, bias and abuse of process of the Plaintiff by  Katy Flynn ,  Mark Cooper, Lisa McCarty they deprived Plaintiff of her  right to due process , she further suffered the loss of her biological relation and her bloodline to the child was wrongfully terminated, she further suffered economic loss, emotional pain , mental anguish , reputational harm  without due process of law as guaranteed under 42 U.S.C. 1983 and the and Thirteenth,  and Fourteenth Amendments to the United States Constitution Texas law. Plaintiff  was further denied the right to a fair trial under the Due Process clause where state resources were used to discredit and defame her by undue harassment and false evidence used against her.

51. The defendant's  Katy Flynn' breached her fiduciary duty to the child ALH and acted with racial bias, extreme impartiality  against the Plaintiff and the  kinship placement and acted with deliberate indifference to family preservation.

The defendant Katy Flynn actions were below the standard of professional standards, national standards that encourage the non-separation of siblings and family placements. Studies have shown that children with family placements tend to be more successful . Defendant Flynn however, attacked the sibling visits between ALH and his brother who was in the custody of Plaintiff. As seen in the February 18, 2016 hearing the defendant

**Q. You're also setting up sibling visits now, all of the sudden in the two years, for EH and AH weekly, correct?**

A Yes.
Q And it's during the day?
A Yes.
**Q Which, again, requires the foster parents to take off work and transport him to that visit**?
A We have offered to assist with the transportation for those visits to alleviate that.

**Q So, this child would be transported with somebody that they don't know -- that he doesn't know, correct**?
A Correct.
Q And put in a car and driven across town, picked up from a day care, correct?
A Yes.

    52. The defendant Lisa McCarty proffered false evidence , harassed and acted with racial bias, and extreme impartiality against the Plaintiff and the kinship placement and acted with deliberate indifference to family preservation under the color of State Law and thus violated 42 U.S.C 1983.. The Plaintiff harm was caused by these defendants's outrageous and defamatory conduct such as the acts of February 18, 2016.

    53. As a direct and proximate cause of the actions by the Defendant's Plaintiff was ordered to pay an exorbitant amount of attorney fees exceeding 25,000.00 to the Defendants as a punishment for the exercising of her rights. The award of attorney fees shocks the conscious in that it is excessive, and a malicious act in violation of the Plaintiff's rights under the Fostering Connections Act and the United States Constitutional liberty interest of family.

## DAMAGES

54. Plaintiff is entitled to money damages for defendants' violations and actions, the personal injury, pain and suffering, loss of earning capacity damage to her reputation.

55. Plaintiff, individually, sustained the following damages as a result of the Constitutional violations, the Fostering Connections to Success and Increasing Adoptions act, defamation, abuse of process , invasion of privacy , intentional inflictions of emotional distress, and/or omissions of each defendant described hereinabove:

    a. Attorney's fees incurred by or on behalf of Plaintiff;

    b. Costs incurred in pursuit of this suit;

    c. Emotional pain;

    d. Expert fees;

    e. Mental anguish in the future;

    f. the physical and emotional pain and suffering;

    g. the violation of the federally protected rights of Maravi Moore as guaranteed her under 42 U.S.C. § 1983 and 42 U.S.C. § 1988; and

    h. the violation of the federally protected rights of Ms Maravi Moore as guaranteed her under the First, Ninth, Thirteen and Fourteenth to the United States Constitution

56. In this regard, Plaintiff Maravi Moore respectfully request this Court enter judgment against defendants in the amount of $1,000,000.00 Plaintiff, further sustained damages in the amount of $10,000,000.00 .

## EXEMPLARY DAMAGES

Plaintiff would further show that the acts and omissions of each defendant complained of herein were committed with malice, intent, disregard, and total indifference to the rights of Plaintiff, in order to punish each defendant for engaging in unlawful practices and to deter such actions and/or omissions in the future, Plaintiff, seek recovery for exemplary damages.

## INJUNCTIVE RELIEF

Defendant have acted or failed to act on grounds necessitating injunctive relief for the protection of Plaintiff's family preservation and kinship rights to prevent the permanent severance of the child through adoption.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Maravi Moore respectfully prays that:

a. The defendants, Greg Abbott, Hank Whitman, Lisa McCarty, Katie Flynn, Mark Cooper be cited to answer and appear herein and that upon final hearing of this cause judgment be entered for Plaintiff and against each defendant, jointly and severally in their individual and official capacities, for damages in an amount within the jurisdictional limits of the Court, compensatory damages, for violation of Plaintiff's constitutional rights, exemplary damages, and for the specific relief as requested herein above, together with interest as allowed by law; costs of court; attorney fees, expert fees ;

Plaintiff further prays that this Honorable Court:

b. Enter a permanent injunction as to any further proceedings between AH the child and the Defendant's Amy and Prentiss Hood, including enjoining the Adoption of AH be the Defendants

c. and for such other and further relief to which Plaintiff may be just entitled.

Respectfully submitted,

By**:     /s/ Pamela B. Williams_____**

PAMELA B. WILLIAMS
TBN 21566360
P.O. Box 8132
Houston, Texas 77288
281 208-3888
281 2083881  fax
Pamlegal2000@yahoo.com